## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

CONNIE FARNSWORTH,

        Plaintiff,

v.                                CIVIL ACTION NO. 5:06-cv-00279

TERRA-PETRO DEVELOPMENT, INC.,

        Defendant.

### MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Summary Judgment [Docket 28], filed on November 1, 2007. Pursuant to the Amended Scheduling Order [Docket 18], the deadline for filing dispositve motions was October 15, 2007. On November 1, 2007, however, Defendant filed a Motion to Amend the Scheduling Order [Docket 27] to extend the deadline for dispositive motions to November 2, 2007. After considering Plaintiff's Response [Docket 30] and Defendant's Reply [Docket 32], the Court granted that motion by Order [Docket 34] dated December 3, 2007, deeming as timely all dispositive motions filed by November 2, 2007. As of this date, Plaintiff has failed to respond to Defendant's summary judgment motion. Based on Plaintiff's failure to respond, and for the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**.

### *I. PROCEDURAL AND FACTUAL BACKGROUND*

The material facts are undisputed. Defendant is a West Virginia corporation that owns and operates several Shell gasoline stations in and around Raleigh County. Plaintiff was hired by Defendant on October 1, 2002, to manage the Shell station on Harper Road in Beckley, West

Virginia.  Plaintiff's duties at Shell included hiring and firing employees, managing inventory, processing paperwork, and other similar managerial tasks.  Plaintiff was also directly responsible for six or eight hourly employees working at her location, and she reported only to the area's general manager.

Until the time she voluntarily terminated her employment on January 17, 2006, Plaintiff was treated as a salaried employee.  Her weekly salary was $450.00 until February 16, 2004, when she was given a raise to $500.00 per week.  As a salaried employee, Plaintiff was entitled to compensatory time off for any hours worked in excess of one hundred hours in a two week period.  At one point, however, Plaintiff requested monetary compensation for her overtime in lieu of compensatory time off.  Other than that occasion, Plaintiff received compensatory time off for her overtime hours in addition to paid vacation and other benefits.

Plaintiff filed the instant lawsuit on April 13, 2006, alleging that Defendant violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, by failing to pay the requisite amount of overtime compensation. (Docket 1 ¶ 4.)  Plaintiff also alleges violations of West Virginia Code §§ 21-5-3 and -4 for Defendant's failure to pay her overtime compensation within the requisite time period. (Docket 1 ¶¶ 8-18.)  Jurisdiction in this Court is proper under 28 U.S.C. § 1331 because the action arises under a law of the United States, the FLSA.  Discovery has closed and the matter is now ripe for summary judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 323. Even undisputed facts may give rise to multiple inferences, however, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

"If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). A failure to respond in and of

itself, however, does not show that the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what is has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*

### III. APPLICABLE LAW

Plaintiff brought this case under the FLSA, 29 U.S.C. §§ 201 *et seq*. Pursuant to that statute, employers are required to compensate employees for work in excess of forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed." § 207(a)(1). Certain employees, however, are exempt from the time and a half requirement. § 213(a) ("The provisions of . . . section 207 . . . shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity.").

The Code of Federal Regulations (CFR) has interpreted this language and placed specific parameters on the qualities of employees employed in an executive capacity. 29 C.F.R. § 541.100. Courts in this circuit have traditionally relied on these regulations when determining whether an employee is exempt under the statute. *See, e.g.*, *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 292 (4th Cir. 2007). According to the CFR, the term "employee employed in a bona fide executive capacity" means an employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and

> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a). The salary requirement was amended effective August 23, 2004, from a minimum of $155.00 per week to $455.00 per week. *See* Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22,122, 22,260 (Dep't of Labor Apr. 23, 2004).

Plaintiff's other claims, which arise under West Virginia law, are based on Defendant's alleged failure to pay adequate overtime compensation in violation of the FLSA. Because the Court finds, as discussed below, that Plaintiff was an exempt employee under the statute and therefore not entitled to receive such overtime compensation, it is unnecessary to examine the applicable West Virginia law.

## IV. ANALYSIS

The entirety of the analysis consists of a determination that Plaintiff qualifies as an employee employed in a bona fide executive capacity as defined in the CFR. The Court will address each element in turn.

### A. Salary

It is undisputed that Plaintiff received a predetermined salary each pay period without regard to the number of hours worked or the quality of her work. Before February 16, 2004, Plaintiff made $450.00 per week. After that date, Plaintiff's salary increased to $500.00 per week. Because Plaintiff was compensated on a salaried basis that met the minimum salary requirement both before and after the 2004 amendment, the first criterion is met. *See* 29 C.F.R. §§ 541.100(a)(1) and 541.602(a).

### B. *Managerial Duty*

Plaintiff does not contest Defendant's characterization of her primary duty as the management of the Harper Road Shell station. Upon consideration of "the relative importance of the exempt duties as compared with other types of duties[,] the amount of time spent performing exempt work[, and] the employee's relative freedom from direct supervision[,]" 29 C.F.R. § 541.700(a), and the facts that Plaintiff was not "closely supervised" and earned significantly more than the nonexempt employees, § 541.700(b), the Court finds that Plaintiff's primary duty was the management of the Shell station on Harper Road. Thus, the second criterion is met. *See* § 541.100(a)(2).

### C. *Customary Oversight of At Least Two Other Employees*

Defendant has presented evidence that Plaintiff was in charge of overseeing at least six, and sometimes as many as eight, hourly employees. Defendant further asserts that Plaintiff "was responsible for scheduling employee shifts, assuring the keeping and accuracy of time records, assuring compliance by employees of company policies and procedures and conducting period employee evaluations." (Docket 29 at 6.) Plaintiff has not contested Defendant's evidence that she performed these duties "normally and recurrently" every workweek. *See* 29 C.F.R. § 541.701. Thus, the Court finds that the third criterion is met. *See* § 541.100(a)(3).

### D. *Authority to Hire and Fire*

Defendant asserts that Plaintiff had the authority to hire and fire employees, and customarily did so. In support of this assertion, Defendant produced an Employee Status Change Form filled out by Plaintiff in 2003 transferring an employee from TCBY to cashier. (Docket 28 ex. D.) Taking into consideration this form as evidence of Plaintiff's authority to hire, fire, and change the status

6

of employees, and Plaintiff's failure to contest Defendant's assertion, the Court finds that the fourth criterion is met. *See* § 541.100(a)(4).

Based on the foregoing analysis, it is evident that Plaintiff meets the four factors required by the CFR, and was therefore an employee employed in a bona fide executive capacity. Because Plaintiff was employed in a bona fide executive capacity, she is exempt from the FLSA's overtime compensation requirement pursuant to 29 U.S.C. § 213(a). Thus, Defendant did not violate the FLSA by failing to compensate her according to its provisions. Plaintiff's FLSA claim fails as a matter of law. Since Plaintiff's state law claims are based on Defendant's alleged violations of the FLSA, her state law claims also fail as a matter of law.

## *V.  CONCLUSION*

Because the undisputed evidence shows that Plaintiff is an exempt employee under the FLSA, there is no genuine issue of material fact for trial. For the reasons stated herein, Defendant's Motion for Summary Judgment [Docket 28] is **GRANTED** and the case will be dismissed. A separate Judgment Order will be entered on this date implementing the Court's ruling.

ENTER:     December 31, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE